[No. 5,496.—Department One.]

## L. L. ROBINSON et al. v. THE PITTSBURG RAILROAD COMPANY.

Findings — Ejectment — License.— In ejectment for land occupied by defendant's railroad and depot, the defendant, in effect, pleaded that it had entered by permission of the plaintiffs, and had paid the plaintiffs for the right of way over land, and for the privilege of maintaining a depot; and that thereupon the plaintiffs had granted to the defendant said right and privilege. The Court did not find on this issue, but in effect found that the plaintiffs had consented to the erection of the depots, and had recognized the land as the property of the defendant, and had waived error in the location of the premises. *Held,* that this finding was beyond the issue, and that the findings were defective in not finding upon the issue presented.

Appeal from a judgment for the defendant, in the Fifteenth District Court, County of Contra Costa.   Dwinelle, J.

One of the findings of the Court below is as follows: "The buildings about the railroad of defendant, between the bridge and the tule marsh outside of the land condemned, that is, more than fifty feet on either side of the center line of condemnation, as shown on map, 'Exhibit 2, J. B. H.,' were erected and placed on the land covered by them by defendants, with the consent verbal and in writing of plaintiff Robinson, prior to the year 1867, and with the intention on his part that the land covered by said buildings should be the property of defendant, and that the value of said land should be paid to him by defendant; and said Robinson has not, since the erection of said buildings,

claimed the land covered by them until the commencement of this suit, or thereabouts."

*Edmond L. Goold*, for Appellants.

The facts found by the Court outside the issues must be disregarded. (*Marks* v. *Sayward*, 50 Cal. 57.)

Upon the facts found, which are within the issues, the plaintiffs are entitled to judgment. They are entitled to recover the 2,977 feet of the land *not condemned, and the land occupied by the buildings*. The legal title is found to be in the plaintiffs, and is not affected by the condemnation proceedings. It is true that the referee finds that the railroad was constructed and the buildings were erected upon the land occupied by them, with the knowledge and consent of plaintiffs and their grantors, and that the plaintiff Robinson has recognized such land to be the property of the defendant; and that he has, since the construction of the railroad, waived the error in the location. There is no allegation in the answer that Robinson waived his right, or recognized the ownership of the defendant. So much of the finding must therefore be disregarded. Nor does it appear how a recognition by Robinson that the company owned his land, when it did not, could divest him of his title. The matter of waiver is a question of law, not of fact. No fact is found from which the law implies a waiver.

*William Irvine*, for Respondent.

The entry was made and the land appropriated by the defendant for the use of its road, with the *express consent* of the owner; and with the intention on his part that it should be used and occupied for the very purpose it was devoted to, and was offered as an inducement to the railroad company to expend considerable sums of money upon it in the erection of buildings for the use of its road, and such appropriation of it as much for " public use " as is the line of its roadway, and amounts to a dedication of the land for public use; and the referee finds that such was the plaintiff's intention. A dedication of private property to a public use after acceptance cannot be revoked; and the denial of the right of the owner to revoke does not rest

upon the doctrine of an *estoppel in pais.* (Angell on Highways, §§ 155, 156.) And the authorities are conclusive upon the point that the property owner whose lands are sought to be taken may not only waive errors, but may also waive want of authority to take, or the method provided to be pursued in the taking. (*Embury* v. *Conner*, 3 Comst. 511; *Taylor* v. *Porter*, 4 Hill, 147; Sedgwick on Stat. and Const. Law, 111; Cooley's Constitutional Lim. 541 and note; *Brooklyn Park Com.* v. *Armstrong*, 45 N. Y. 234; *Burns* v. *The Mil. & Miss. R. R. Co.* 9 Wis. 450; *Hawley* v. *Harroll*, 19 Conn. 142.)

McKINSTRY, J.:

The action is to recover certain lands occupied by defendant with its track, etc., and with certain railroad buildings. The plaintiffs deraigned title through a Mexican grant, upon which a patent was issued by the United States October 8th, 1872. The action was commenced June 27th, 1874.

It is admitted that for a considerable distance the railroad of defendant was constructed, and now is, upon a line different from the line or tract of land condemned to public use for railroad purposes, by proceedings initiated by defendant, and through which defendant claims to have acquired a right to the possession as against the title of plaintiffs. For the possession of the land in the occupation of defendant which was not condemned, plaintiffs herein were entitled to have judgment, unless facts were alleged in the answer, and found by the Court, which constituted an affirmative defense.

The only portions of the answer which are claimed to allege such defense are as follows:

"And for a further and separate defense, defendant avers that it entered upon the lands in the complaint described on or about June 1st, 1868, with the license and permission of plaintiffs, for the purpose of constructing and maintaining a railway through and over the same; that thereafter the defendant, with the knowledge and consent of plaintiffs, afterwards, to wit, July 10th, 1868, surveyed and located *a route* for a railway over the lands described in the complaint; that afterward, to wit, on the first day of August, 1868, defendant paid to plaintiffs, for said right of way and for the privilege and right

of maintaining a railway depot and appurtenances connected with a railway where the same is now located upon and along the lands described in plaintiffs' complaint, for the period of fifty years then next ensuing, the sum of $5,000 gold coin, which sum was accepted and received by plaintiffs as the consideration for granting such right and privilege; and said plaintiffs did then, in consideration of such payment, grant to defendant such privilege and right of way, and thereupon defendant took possession of the route for a railway so, as aforesaid, surveyed by it, and immediately thereafter expended a large sum of money, to wit, $5,000 and upwards, in the construction of a railway track, switches, turn-table, sheds, etc., for the convenient management and operation of a railway, all of which was well-known to plaintiffs on the 10th day of September, 1868, and from thence hitherto."

There is no finding that defendant did or did not pay to plaintiffs, on the 1st of August, 1868, or on any other day, $5,000, or any sum, "for the privilege and right of maintaining a railway depot and appurtenances connected with a railway *where the same is now located,* * * * for the period of fifty years then next ensuing," or that the same was or was not " accepted and received by plaintiffs as the consideration for granting such right or privilege," or that plaintiffs did or did not " then and there grant to defendant such privilege and right of way."

No force is added to the findings by the statement that the consent of plaintiff Robinson was with a certain *intention.* The fact found is, that the buildings were erected with the consent of Robinson. The last finding amounts to no more, except so far as it consists of matters of law, as that he "recognized" the land in possession of defendant as "its property," and "waived the error" in the location of the railroad. Even if these matters could be treated as facts, there is no averment in the answer that Robinson had "recognized" the defendant as owner, or "waived error."

Assuming that defendant entered on the lands of plaintiffs with the latter's permission, there is no averment in the answer, nor any fact found, which would establish that the license was not revocable at the will of the licensers.

The allegations in the answer, separated from the matters alleged upon which the Court below omitted to find, did not justify a judgment in favor of defendant. The Court failed to find as to some of the averments of the answer, and did find with respect to other matters entirely beyond and without the issues made by the pleadings.

Judgment reversed, and cause remanded for a new trial.

Ross, J., and McKee, J., concurred.