JANUARY TERM, 1891.    443

J. T. & K. W. Ry. Co. v. Charles S. Adams.—Opinion of Court.

JACKSONVILLE, TAMPA & KEY WEST RAILWAY COM-
PANY, APPELLANT, VS. CHARLES S. ADAMS, ADMIN-
ISTRATOR DE BONIS NON CUM TESTAMENTO ANNEXO
OF JOHN S. ADAMS, DECEASED, APPELLEE.

1. An administrator may maintain ejectment to recover possession
   of the lands of his intestate or testator.

2. The notice prescribed by Chapter 3595, Laws of Florida to be
   given by the commissioners appointed to view the premises
   and appraise the lands to be taken in condemnation proceed-
   ings for right of way for a railroad company, in the absence
   of the personal appearance of the land owner, is indispensa-
   ble, and the requirement of the statute in this respect is ju-
   risdictional and cannot be disregarded.

3. An action of ejectment can be maintained against a railroad
   company to recover possession of a roadbed in use by the
   company, where the same has been taken without the consent
   of the owner, and without authority of law.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion of
the court.

*J. R. Parrott* for Appellant.

*A. W. Cockrell & Son.*, for Appellee.

MABRY, J.:

The appellee as administrator *de bonis non cum tes-
tamento annexo* of the estate of John S. Adams, de-

ceased, instituted a suit of ejectment on the 10th day of March, 1877, in the Circuit Court of Volusia county, Florida, against the appellant corporation to recover a strip of land one hundred feet wide, lying fifty feet on each side of the center of the road bed maintained and operated by the said corporation in the west half of section thirteen, all of section fourteen, east half of north-east quarter, and south-east quarter of section fifteen, all in township nineteen south, range thirty-two east, situated in Volusia county.

The declaration alleges that the defendant corporation in the court below is in possession of said strip of land and refuses to surrender possession of the same to the plaintiff below, who, as administrator aforesaid, claims title to same, and also that the defendant corporation has received the profits of said land since the 20th day of April, 1886, of the yearly value of five thousand dollars. A demurrer was interposed to the declaration by defendant below on the 2nd day of May, 1877, and the cause of demurrer assigned are as follows:

1st. "That plaintiff's declaration is insufficient in law, for that from the facts therein shown and set forth the plaintiff would not be, and is not, entitled to his action."

2d. "For that the court cannot in law grant the relief and right sought by plaintiff against the defendant."

This demurrer was overruled by the court, and on the first day of August, 1887, defendant below filed the general issue and three special pleas.

This cause was on the 2d day of February, 1888, referred to E. M. Randall, Esq., as referee, for decision, and on the 19th day of May, 1888, on motion of plaintiff below, the special pleas were stricken from the files by the referee. On the same day the cause was submitted by the respective parties to the referee who, after hearing the evidence adduced and the argument of counsel, rendered a judgment on the 22d day of May, 1888, in favor of the plaintiff below for the possession of said strip of land, $180 for mesne profits and the costs of the suit. On the same day the judgment was rendered defendant below by attorneys made a motion before the referee to set aside the judgment and grant a new trial on the following grounds:

1st. The verdict or judgment is not supported by the evidence.

2d. That the verdict or judgment was not supported by the law.

3d. That the verdict was excessive.

This motion was overruled by the referee, and defendant below appeals to this court.

The errors assigned here are :

1st. The court erred in overruling defendant's demurrer.

2d. The court erred in granting plaintiff's motion to strike defendant's pleas.

3d. The court erred in refusing a new trial to the defendant.

The second ground of error assigned here is expressly waived by appellant, and it is not necessary to devote any attention to it.

The referee did not err in overruling the demurrer of defendant below to the declaration. The declaration is in the form prescribed by the statute in actions of ejectment, and the demurrer admits the averments therein. The appellant seeks to raise under this assignment of error the question whether or not an action of ejectment can be maintained to eject a railroad corporation from a right of way after the road has been constructed and put in operation. This question more properly arises in the final decision on the testimony introduced, and as we duly consider this phase of the case under the motion for a new trial, it is not necessary to notice further this assignment of error.

On the trial before the referee a written stipulation signed by the respective parties was introduced, whereby it was agreed that a copy of the proceedings on the part of the Atlantic Coast, St. Johns and Indian River Railroad Company, in Volusia county, Florida, to condemn the land in controversy for right of way for use of its railroad should be taken as a full and complete transcript of said proceedings, and that the defendant corporation took possession of said Atlantic Coast, St. Johns and Indian River Railroad in December, 1885,

under lease for ninety-nine years, and has continued in possession of same under said lease. It is also agreed in said stipulation that prior to the alleged condemnation proceedings on part of said Atlantic Coast, St. Johns and Indian River Railroad Company, the title in fee of the land in question had been duly conveyed to John S. Adams; that said John S. Adams died testate in April, 1876, and letters testamentary were duly granted on his estate to Ellen F. Adams, in June, 1876; that Ellen F. Adams died in June, 1878, without making any settlement of said estate, and letters *de bonis non cum testamento annexo* were duly granted to John S. Briggs in July, 1878; that said Briggs was duly removed from his office as administrator aforesaid on the 6th day of June, 1885, and no settlement of said estate was had up to the time of his removal; and further, that plaintiff was duly appointed and qualified as administrator *de bonis non cum testamento annexo* of said estate on June 16th, 1885.

It is admitted, then, that prior to the alleged condemnation proceedings the title in fee had been conveyed to plaintiff's testator and no questions are presented as to the source or deraignment of plaintiff's title. By the settled law of this State an administrator may maintain ejectment to recover possession of the lands of his intestate or testator, and this is not questioned by appellant anywhere in the record. It is insisted, however, on the part of appellant's attorney that the land in question had been duly condemned as a right of way for the Atlantic Coast, St. Johns and

Indian River Railroad Company, and that appellant has the same right to use, occupy and possess the land as its lessor had. It is true that appellants has the same rights to the use of the land for right of way, to the extent of its lease, that the Atlantic Coast, St. Johns and Indian River Railroad Company had, but it is contended by appellee that the proceedings to condemn the land for right of way are null and void, and did not divest plaintiff below of his right to the possession of the land. Various objections are made to the proceedings by which the strip of land in question was sought to be condemned for right of way. We will not notice all the objections raised because in our opinion there is one which is valid, and renders the condemnation proceedings void. Under the statute the commissioners appointed to view the premises and appraise the lands to be taken are required to give the owner or owners of the land notice of the time and place where they will meet to consider the amount of compensation to be paid to the owner or owners by the company asking for the condemnation. The statute requires that the "notice shall be served at least ten days before the time of such meeting, personally on such owner or owners, or on his or their authorized agent or attorney, or by leaving the same, or a copy thereof, at his residence or place of business with a person over the age of fifteen years." It also requires that if the owner of such land is non-resident of the county or his residence is unknown, and he has no authorized agent or attorney in the county, such notice

shall be published for four consecutive weeks in some paper published in the county, and that proof of the service of such notice in compliance with the requirements of the statute shall be filed with the report of the commissioners. The requirement of the statute in this respect is jurisdictional and cannot be disregarded. Mills on Eminent Domain, sec. 95; 2 Woods Railway Law, sec. 247; Lewis on Eminent Domain, sec. 369. There is no proof in the record that notice was given as required by the statute, nor is there any recital in the record from which it can be inferred that the notice was so given. If the commissioners had reported that proper notice had been given, or if the judge in making an order confirming the report had adjudicated this fact, it might be sufficient; but as the record does not afford a foundation for such an inference we express no opinion on these points. Having reached this conclusion, the only question remaining as to plaintiff's right to recover the land in controversy is, will ejectment lie for a fractional part of a road bed of a line of railroad in use and operation? The testimony in this case shows that the lessor of defendant below undertook to condemn the land in question by proceedings instituted in August, 1885, and that the road was leased to said defendant in December, 1885. The owners of the land are devisees under the will of John S. Adams, deceased, who died in Duval county, Florida, and on whose estate administration is still continuing. It does not appear that the administrator of said estate or the devisees under the will were present when said road was

being constructed. The plaintiff in the court below, who was administrator of the estate at the time the proceedings to condemn the land were instituted, says in his testimony that he had no notice of the institution of these proceedings until some time in 1886. He says he was absent from the State at the time the condemnation proceedings were instituted. But he admits that he had information that the company was occupying the land in 1885. Will ejectment lie against the defendant corporation under the circumstances of this case? There is no question but that the action could be maintained against an individual defendant under such a state of facts, and the same result will follow in a suit against the defendant corporation unless an exception can be sustained on the ground of public policy or public inconvenience or some other just ground. In the case of McAulay vs. Western Vermont R. R. Co. et al., 33 Vt., 311, Chief-Justice Redfield, speaking for the court, said: "In these great public works the shortest period of clear acquiescence, so as fairly to lead the company to infer that the party intends to waive his claim for present payment, will be held to conclude the right to assert the claim in any such form as to stop the company in the progress of their works, and especially to stop the running of the road after it has been put in operation, whereby the public acquire important interests in its continuance. The party does not, of course, lose his claim or the right to enforce it, in all proper mode." This was a suit of ejectment against a railroad to re-

cover land occupied as a right of way.    There are many
authorities which maintain the proposition that eject-
ment will not lie against a railroad corporation to re-
cover road bed after the same is constructed and put in
operation.    Cairo & Fulton R. R. Co. vs. Turner, 31
Ark., 494; Provolt vs. Chicago, Rock Island & Pacific
R. R. Co., 57 Mo., 256; Gray vs. St. Louis & San Fran-
cisco Ry. Co., 81 Mo., 126; Omaha & Northern Ne-
braska Ry. Co. vs. Redick, 16 Neb., 313; Lawrence vs.
Morgan's Lousiana & Texas R. R. & S. S. Co., 39 La.
Ann., 427; S. C. 30 Am. & Eng. R. R. Cases, 309.
There are cases where courts of equity have refused a
writ of injunction to restrain a railroad from operating
trains where parties have remained inactive until the
road is completed.    This doctrine is fully illustrated
in our own court in the case of Pensacola & Atlantic
R. R. Co. vs. Jackson, 21 Fla., 146.

The principle of estoppel can be invoked in suits of
this character, as well as in others, and where a party
has so acted as to call for the application of this doc-
trine, it will apply.    We do not think, however, that
the plaintiff is estopped in this case from asserting his
title to the property, and after a consideration of the au-
thorities we think, both upon principle and the weight
of authority, an action of ejectment may be maintained
against a railroad corporation to recover possession of
a road bed, where the same has been taken without
the consent of the owner and without authority of law
Hooper vs. Columbus & Western Ry. Co., 78 Ala.,
213; Smith vs. Chicago, Alton & St. Louis R. R. Co.,

67 Ill., 191; Cox vs. Louisville, New Albany & Chicago R. R. Co., 48 Ind., 178; Graham vs. Columbus & Indianapolis Central Ry. Co,, 27 Ind., 260; Robinson vs. Pittsburg R. R. Co., 57 Cal., 417; White vs. Wabash, St. Louis & Pacific Ry. Co., 64 Iowa, 281; Conger vs. Burlington & Southwestern Ry. Co., 41 Iowa, 419; St. Joseph & Denver City R. R.. vs. Callender, 13 Kan., 496; Carpenter vs. Oswego and Syracuse Ry. Co., 24 N. Y.. 655; Pittsburg & Lake, Erie R. R. Co. vs. Bruce, 102 Penn. St., 23; I. & G. N. Ry. Co. vs. Benites, 59 Texas, 326; Sherman vs. Milwaukie, Lake Shore & Western R. R. Co., 40 Wis., 645; Mills on Eminent Domain, sec. 90; Pierce on Railroads, 167; 2 Wood's Railway Law, sec. 246.

The appellant says the verdict for mesne profits was excessive. The only testimony on the subject of mesne profits was that of plaintiff and J. R. Parrott, Esq. No objection was made in the court below to the character of the evidence introduced, and while it is very uncertain, yet I see no ground for disregarding it. It was sufficient upon which to base a judgment by the referee, and under the rules governing such findings I do not see how it can be disturbed. On appeal his findings of fact are to be given the same consideration and weight as would be given to the verdict of a jury. Broward vs. Roche, 21 Fla., 465; McClenny vs. Hubbard, 20 Fla., 541.

In our investigation of this case we find that some decisions seem to hold in cases of this kind that the

writ of possession will be stayed a reasonable time for the consummation of condemnation proceedings to secure a right of way for the railroad company.

Without deciding the point, we will say that if such an application is desired, it must be made within thirty days from the filing of this opinion.

Judgment affirmed.