PHILIP TISCHLER, APPELLANT, VS. APPLE & FINLEY, APPELLEES.

1. The mere objection to a question, not followed by an exception to the decision of the court overruling the objection presents no question for review in the appellate court. In order that the party objecting to the question may avail himself of such an objection, it is necessary that an exception be taken and noted in the record to the ruling of the court.

2. A building contract required the contractors to run cornice in twenty-five rooms. The owner of the building selected twenty-five rooms to be corniced under the contract, and the con-

tractors ran cornice therein. In a suit by the contractors for extra work in running cornice in halls and other rooms, one of the contractors was asked, " did the selection include the halls and store rooms in which the cornices are charged for as extra ?" *Held,* not error to permit the question to be asked.

3. The rule that a party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated in his direct examination, and if he wishes to examine him as to other matters, he must make the witness his own, is recognized in this State.·

4. Where a question propounded on cooss-examination has been improperly excluded, but the record affirmatively shows that the party objecting was not prejudiced by the ruling in excluding the question, the error is harmless, and will not be cause for reversal of the judgment.

5. The same weight is accorded to the findings of fact by a referee as is given to the verdict of a jury.

.Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Hartridge & Young* for Appellant.

*R. H. Leggett* for Appellee.

MABRY, J.:

This is a suit at law instituted by appellees as plaintiffs in the Circuit Court for Duval county, in this State, against the appellant, as defendant in said court. The declaration contains the common counts for goods, wares and merchandise sold and delivered to said defendant at his request by said plaintiffs; for

work and labor done by said plaintiffs for said defendant; for money lent and advanced by said plaintiff's to said defendant; for money had and received by said defendant for use of said plaintiffs; and for money found to be due from said defendant to said plaintiffs, on an accounting between them. The issues involved in the case are presented by two pleas of defendant: First, that he never was indebted as alleged; and, second, that in November, 1886, said plaintiffs, who were then carrying on the business of house builders, under the name of Apple & Findley, contracted in writing with defendant to do and complete all mason work on a certain building which he was about to erect in the city of Jacksonville, Florida, according to certain plans and specifications furnished, for the sum of thirty-two hundred dollars in weekly installments; that afterwards and during the progress of said work on said house, said plaintiffs entered into a parol agreement with defendant to put an additional story on said building for the further sum of seven hundred dollars, and that defendant kept and performed his agreements and paid said plaintiffs at divers times during the progress of said work the aggregate sum of four thousand four hundred and fifty-four dollars and four cents, but that said plaintiffs in violation of their promises failed and neglected to do and complete said work according to their contract, and quit work on said building before it was finished, to the damage of defendant one thousand dollars, which amount he is willing to set-off against the claim of plaintiffs.

Issue was tendered on these pleas, and the case was tried before the Hon. E. M. Randall, as referee, to whom the same was referred. The referee rendered a judgment in favor of the plaintiffs, Apple & Findley, for $350.49, from which decision of the referee, after it had been duly entered as a judgment of the Circuit Court, the defendant, Tischler, has appealed.

The appellee claims seven hundred and thirty-six dollars for alleged extra work on said building, done, it is claimed, at the request and with the knowledge of appellant, outside of the written contract in reference to the original building, and the parol agreement to put an additional story on it. Appellant admitted that some of the items sued for were extra, but insisted that most of them were embraced in the two agreements, and that he had paid appellees the sum of $4,454.04, all that was due on the contracts and for extra work. Appellees contend that they have been paid only $4,183, and the items which they sue for are extra, and they are entitled to pay for them. This is in brief the nature of the controversy between the parties.

The first error assigned is, that the referee erred in permitting the witness Findley, to answer the question: "Was there any understanding between you and Mr. Tischler as to the material to be used in setting the hearths?" The record shows that appellant's attorney objected to this question before the referee, and it seems the referee took the matter under advisement, and then admitted the question to be answered.

It does not appear, however, that any exception was taken to the ruling of the referee, and hence no question is presented on this assignment for us to consider. Counsel for appellant concedes in his brief that the record omits to show any exception to the ruling, and that he presumes the court will refuse to consider this assignment. Coker *et al.* vs. Hayes, 16 Fla., 368.

The second assignment is, that the referee erred in overruling appellant's objection to the question propounded to the witness, Findley: "Did the selection include the halls and store rooms in which the cornices are charged for as extra work?" There are items in appellee's account for plaster cornice in halls and store rooms. The contract calls for plaster cornice to be run in twenty-five rooms, instead of all rooms as specified. The witness, Findley, testified that appellant selected twenty-five rooms to be corniced as provided in the contract, and then he was asked the above question to which objection was made. It is evident that the object of the question was to elicit testimony that the rooms selected by appellant to be corniced did not include the halls and store room for which the extra charge was made. The witness testified that appellees corniced the twenty-five rooms selected by appellant, and that the halls and store rooms, for which the extra charge was made, did not include the twenty-five selected under the contract. The objection to the question is put upon the ground that the plans and speci-

fications required cornice to be put in halls and store rooms, and left no room for selection. The contract signed by the parties, and which refers to the plans and specifications, provides for the cornice to be run in twenty-five rooms, instead of all rooms as specified. The extent of appellant's right under the contract in reference to the cornicing was twenty-five rooms, and all over this was extra. Before the cornicing of the halls and store rooms, appellees informed appellant that it was not in their contract, and would be extra. Appellant says he insisted that it was within appellees' contract to do the cornicing in the halls and store rooms, but for the work to be done and the contract would determine the matter. We think it was clearly competent for appellees to show that the halls and store rooms in which cornice was run, and for which an extra charge was made, did not include the twenty-five rooms selected by appellant to be corniced under the contract, and that the referee did not err in allowing the question to be asked.

The third assignment is, that the referee erred in sustaining the objection of appellees' counsel to question: "Did you (meaning Findled) and Apple complete the contract as agreed?" This question was asked the witness, Findley, on cross-examination, and the objection was sustained on the ground that it was not a proper cross-examination. As we have already stated, appellees sued for work performed extra of any special contract, and no claim was made for work

done under the written contract or parol agreement in reference to the additional story. Appellant sets up under his second plea that he was damaged by reason of the abandonment of the work by appellees before it was finished under their contract. Findley, one of the appellees, while testifying on direct examination, admitted payments to the amount of $4,183.20. He further stated that "Mr. Tischler owes us $3,900 on the two original contracts, to which is to be added $736, the amount sued for in this action, and set out in the bill of particulars. After deducting the $4,183.20, payments admitted, Mr. Tischler owes us $452.80." On cross-examination he was asked the above question, the objection to which the referee sustained. The rule announced by Mr. Greenleaf, that a party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated in his direct examination, and, if he wishes to examine him as to other matters he must make the witness his own, has been followed in this State. 1 Greenleaf on Evidence, sec. 445; Savage vs. State, 18 Fla., 909; Adams vs. State, 28 Fla., 511, 10 South. Rep., 106. This rule would not, of course, preclude an enquiry as to the animus, interest or motives of a witness in reference to the parties litigant or the subject-matter of the suit. Eldridge vs. State, 27 Fla., 162, 9 South. Rep., 448. The rule under consideration, however, permits an enquiry on cross-examination into all the facts and circumstances connected with the mat-

ters of the direct examination. As applied to the facts before us, we think the rule authorizes the question objected to and excluded by the referee. The witness says that appellant owes $3,900 on the two original contracts. This sum was the aggregate amount agreed to be paid for the work to be performed under these contracts, and if the contracts were not completed according to agreement, this amount would not be due. The witness having arrived at the amount then due, by estimating the sums to be paid on the two original contracts, it was competent to enquire if those contracts had been completed according to agreement. But we do not think the error of the referee in excluding this question on cross-examination should cause a reversal of the judgment rendered. The only loss or damage which appellant claims that he sustained by reason of a failure of appellees to complete their contract is what he paid certain parties to finish the work. When he came to this defense the referee permitted appellant to offer proof as to the failure of appellees to complete their said contract, and also as to the amount he paid other parties to finish the work. The witness, Findley, who was one of the plaintiffs below, was again examined in rebuttal in reference to the payments made by appellant to have the work finished, and the entire merits of his defense in this respect was gone into. The record affirmatively shows that appellant was not prejudiced in this case by the ruling of the referee in excluding the question under consideration on cross-examination. Livingston vs.

L'Engle, Trustee, 27 Fla., 502, 8 South. Rep., 728;
Randall vs. Paramore, *et al.*, 1 Fla., 458.

The fourth error assigned is, that the referee committed an error in sustaining appellee's objection to the question put by appellant to Findlay on cross-examination : '' Was Mr. Ladson working there under your employment, or Mr. Tischler's ?'' Findley was asked on cross-examination when he was last in the building, and he stated, about the first of August, 1887. He was then asked, was the building then completed, and his answer was that '' Mr. Ladson was finishing setting the grates.'' Then follows the question objected to and excluded by the referee. We see no reason why it should have been excluded. A part of appellant's defense was based upon the fact that appellees abandoned the work before it was finished, and that appellant had to finish the work at his expense. Ladson was one of the parties to whom appellant claims to have paid money to finish the work. Findley says that when he was at the house last Ladson was setting grates, and it was material to show that Ladson was then working for appellant. If he employed Ladson to do work which appellees should have done, and paid for it, he had a right to deduct it from the contract price. But this can not be regarded as a material error in this case, because it appears in the subsequent part of the record that Findley admitted Ladson was working on the house under the employment of appellant. Both Ladson and appellant testify to this fact, and Findley stated, when testifying in rebuttal, that he suggested to appellant to em-

ploy Ladson to do the work, as he would not work for appellees. Not only does this appear in the record, but the referee allowed appellant credit for such part of the work done by Ladson on the building as was included in appellees' contract. It is apparent from the record that no harm came to appellant by reason of the referee's ruling on the question.

The fifth assignment of error is, that the referee erred in overruling his motion for a new trial. The first, second and third grounds of this motion question in general terms the sufficiency of the evidence to sustain the judgment of the referee ; the fourth ground points out specially that the referee erred in allowing appellees' charge for cornice in halls and stores ; the fifth, in allowing appellees for setting twenty-five center pieces; sixth, in allowing appellees for brick and plastering in water closets ; and, seventh, in allowing appellant only half the amount paid to Lancy, Ladson and Burleigh, there being no evidence to support this finding. We will not go into a discussion of the evidence in this record bearing upon the findings of the referee, but our conclusion, based upon a due consideration of it, is that it is sufficient to sustain the judgment rendered. The same weight is accorded to the findings of facts by a referee as is given to the verdict of a jury. Mc-Clenny vs. Hubbard, 20 Fla., 541 ; Broward vs. Roche, 21 Fla., 465 ; Jacksonville, T. & K. W. Ry. Co. vs. Adams, 27 Fla., 443, 9 South. Rep., 2.

The errors pointed out are harmless, and the judgment should not be reversed on their account. It is therefore considered that the judgment appealed from be affirmed.

