JOHNNIE WILLIAMS, ALIAS BEN LATTIMORE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The rule is well settled that a party has no right to cross-examine any witness except as to facts and circumstances connected with the maters stated in his direct examination, and if he wishes to examine him as to other matters he must make the witness his own. But this rule perm its an inquiry on cross–examination into all the facts and circumstances connected with the matters of the direct examination.

2. For the State a witness testified that he was standing at the east side of a house called a commissary where deceased was killed, and saw the accused there a short time before the killing; that while at the building called the commissary, witness heard the accused use language indicating a purpose to kill the deceased, such as "if you don't pay me, I am going to kill you." On cross-examination the witness was asked what kind of a building was that commissary, and the question was excluded by the court on the ground that it was not a proper cross-examination: *Held*, To be error. The question was not only a legitimate cross-examination, but it can not be said to be immaterial, as the witness' answer may have been the means of establishing the fact that he was not at the house, and did not hear and see what he related.

Writ of error to the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the court.

*Geo. H. Badger* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J.:

The plaintiff in error was indicted, tried and convicted of murder in the first degree in the Marion Circuit Court, and the sentence of death was passed upon him. He has sued out a writ of error to this court, and various assignments of error are made here.

We are confronted with an error in the record before us which, according to well established rules of law, will necessitate a reversal of the judgment. A witness—Enoch Butler—was introduced by the State, and testified that he was at the place called the commissary on the afternoon of the day the deceased was killed and saw the accused there. He also stated that he was standing at the east side of the house between sundown and dusk, and the deceased was paying off hands; heard him say something about not paying off the hands that night, and defendant said: "I am going to have my money, you d———d old son of a b———h; if you don't pay me I am going to kill you." He was also asked how he happened "to be at that commissary that evening," and stated that he went there to collect for some pork, potatoes and things he had sold to the hands getting cross-ties. On cross-examination the witness was asked "what kind of a building was that commissary?" The State objected to the

question as not a proper cross-examination, and the court excluded it. Proper exception was taken to the ruling and it is assigned as error here. The rule is well settled that a party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated in his direct examination, and if he wishes to examine him as to other matters he must make the witness his own. This rule, however, permits an inquiry on cross-examination into all the facts and circumstances connected with the matters of the direct examination. Savage and James vs. State, 18 Fla., 909; Adams vs. State, 28 Fla., 511, 10 South. Rep., 106; Tischler vs. Apple & Finlay, 30 Fla., 132, 11 South. Rep., 273. The deceased was shot and killed in the house called the commissary near nine o'clock at night, and if the defendant did the killing there was no question of his guilt. It does not appear that the witness Butler saw the killing, or was present when it was done, but he states that he was at the commissary between sundown and dusk, saw the defendant there, and heard him use language indicating a purpose to kill the deceased. It is apparent that it was a matter of great importance to the accused whether or not the witness mentioned was in fact present and heard the language related by him. He states that he was standing at the east side of the building referred to, and heard the defendant use the language imputed to him. It was a proper cross-examination to ask him what kind of a building that was, and we can not say that the question was immaterial, as the witness' answer to it may have furnished convincing proof that he was not there, and did not in fact see it. The fact that other witnesses for the State described the commissary house will not relieve the ruling from the objection made, as the question excluded tended

to test the correctness of the witness' statement in a material point against the accused. The defendant had a clear legal right to inquire into the matter ex-cluded, and we can not say that no harm was done him. We can not avoid the result here, without a violation of a well recognized rule of law, and that too in a case involving life.

We do not deem it necessary to refer to the other assignments of error made.

The judgment is reversed and a new trial awarded.