W. F. SUMMERS AND L. D. DREWRY, APPELLANTS, v. THE
FIRST NATIONAL BANK OF GAINESVILLE, A CORPORATION
UNDER THE LAWS OF THE UNITED STATES, AND HAVING
ITS PLACE OF BUSINESS IN THE CITY OF GAINESVILLE,
IN ALACHUA COUNTY, FLORIDA, AND C. A. NEAL, APPEL-
LEES.

Where complainants allege that machinery which is a part of
the land owned by them has been illegally levied on and
sold in attachment proceedings against a former owner of
the land, and that the purchaser has declared his intention
to sever the property and remove it from the land, and
pray for injunctions to prevent the severance and removal
of the property and that the sale proceedings be annulled
and the property if removed be  restored to its  original
status, and the complainants fail to give bond to make ef-
fective the injunctions allowed on the bill and let the prop-
erty be severed and removed from the land, and there is
no independent equity shown for annulling the sale pro-
ceedings, a decree dismissing the bill without prejudice
will not be disturbed.

This case was decided by Division A.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the
Court.

*Wm. Wade Hampton, Solicitor* for Appellants.

*Evans Haile, Horatio Davis,* Solicitors for Appellees.

WHITFIELD, J.   The appellants on November 7th, 1902,
filed a bill in Chancery alleging in substance that they
are the owners, giving the source of title, of certain de-

scribed real estate together with all and singular, the rights, tenements, hereditaments and appurtenances thereunto belonging, and all buildings and machinery situated thereon; that on September 25th, 1902, the defendant, The First National Bank of Gainesville, Florida, caused the sheriff of Alachua County to levy upon certain described pieces of machinery which were situated upon said real estate, "and were fixtures upon the said real estate on the date of the said levy;" that on October 30th, 1902, the said First National Bank, through its counsel, procured the Clerk of the Circuit Court to issue an order for the sale of said machinery as personal property, alleging that "said property is exposed to the weather and liable to grant deterioration in value and the cost of keeping and guarding the same in greatly disproportionate to the value thereof"; that pursuant to said order the sheriff on November 5, 1902, sold said property at public out-cry to C. A. Neal; that before said sale was made complainants by counsel protested against said sale and gave written notices to the sheriff of such objections; that the sheriff received $300.35 for the machinery and will place the same in the registry of the court to abide the judgment that may be rendered in a cause between the First National Bank of Gainesville and E. M. Putnam et al.; that the sheriff has put said Neal in possession of said property and said Neal has declared his intention and determination to immediately sever the said machinery from the said real estate, and to remove the same from said property; that said machinery was not at the time of the levy, order of sale and the sale thereof personal property, "but the same was and is a fixture upon the real estate of the complainants, the same constituting a phosphate plant that had been erected

upon the said real estate by I. M. Putnam & Company and one W. W. Craig and the title to same passed" to complainants by deeds; that the levy upon the said property, as personal property, and the order of sale, the advertisement and the sale thereof, are all illegal, invalid and void; that C. A. Neal acquired no right, title or interest in and to said property by virtue thereof; that it is necessary for the protection of complainant's rights, and to prevent the removal and destruction of their phosphate plant; that a temporary injunction do issue immediately to prevent such removal; that it is also necessary that an injunction issue against the First National Bank of Gainesville to prevent the said Bank from appropriating the said moneys realized from the sale of said property under the said illegal proceedings. The bill prays (1) that a temporary injunction do issue instanter and without notice against C. A. Neal restraining him from disturbing, tearing down or removing said described property; that an injunction do issue instanter restraining the First National Bank from expending or taking from the registry of the court any part of the $300.35 and from obtaining any order in said cause effecting said purchase money; (2) that the levy of attachment made upon the described machinery, the order of sale, the advertisement and sale thereunder may be decreed to be without authority of law and void; that the bill of sale made to C. A. Neal be decreed to be illegal and void and that said C. A. Neal be required to surrender the same for cancellation; (3) that said injunction against said C. A. Neal be made perpetual, and in the event said Neal shall have removed any part of said machinery or property that he shall be required to restore the same to its original status; (4) that the injunction against the First

National Bank be made perpetual, and that said money be restored to C. A. Neal.

On the day of the filing the bill the Chancellor made the following order thereon: "Let injunction issue as prayed for upon the Complainants, or someone for them, giving bond in the sum of $300.00, with two sureties or a surety company to be approved by the Clerk of this Court, conditioned to pay all costs or damages, the defendants, or either of them, may sustain by reason of the improper suing out of said injunction should the same be disallowed or bill dismissed."

It does not appear that the bond was ever executed as required by this order or that the order ever became effective by the issuing of the injunction therein allowed.

A notice of *lis pendens* covering the machinery, etc., was recorded on the 20th of November, 1902. A demurrer to the bill was filed on grounds, (1) there is no equity in the bill; (2) the complainants have a plain and adequate remedy at law; (3) the bill does not allege that the complainants had possession of the personal property described in the bill; (4) the bill does not allege that the complainants had a title to said personal property described in the bill. This demurrer was overruled and the defendants answering under oath say: "They admit that they caused the sheriff to levy and sell the personal property described in said bill, but positively deny that the machinery and property so levied upon were fixtures upon the said real estate on the date of the levy and sale; defendants deny that said machinery and property at the time of the levy and sale was not personal property, but alleges that the same was personal property and that the same, nor any part thereof, was separate from the realty

and was not a fixture thereto; defendants deny that the property so sold was ever on the realty owned by complainants and allege that said complainants never owned said property so sold by said sheriff or any part thereof and never had possession thereof; they deny that complainants ever derived title thereto by any deeds as is claimed in said bill of complaint; they deny that said levy, order or sale and advertisement of said property is illegal, invalid and void; they deny that said C. A. Neal acquired any right, title or interest in and to said property by virtue thereof; but allege that said C. A. Neal had no notice or knowledge of any claim of complainants to said property and he is an innocent purchaser thereof for valuable consideration without notice of any claim whatever on the part of the complainant; they deny that said property so sold by the sheriff was ever on the lands owned by complainants; they deny that complainants had any title to, owned, or ever had possession of the property so sold by said sheriff and described in the bill of complaint." A replication was filed to this answer. Testimony was taken before a special master and at the final hearing on May 18th, 1905, the following decree was entered: "This cause coming on for final hearing and it appearing from the testimony in said cause that the alleged trespass complained of, is a single completed trespass, and that this court, as a court of equity, has no jurisdiction of the same, it is ORDERED, ADJUDGED AND DECREED that the bill be dismissed without prejudice to the complainants to institute such other or further proceedings in equity or at law, as they may be advised."

The complainants entered an appeal from this decree and assign as errors here (1) the refusal to grant the

relief prayed for; (2) the ruling that the court has no jurisdiction; (3) the final decree.

The equity stated in the bill is an illegal levy of a writ of attachment on machinery alleged to be a part of realty belonging to complainants in an action against a former owner of the lands, a sale of the property, and a threatened severance and removal of the same from the land. The prayers ask for necessary injunctions to prevent such severance and removal, and for further relief by an annulment of the sale and conveyance of the property alleged to be a part of the realty.

Although the bill prayed for injunctions and an order was made thereon allowing injunctions as prayed, upon giving bond, it is admitted that no bond was given and no injunctions were ever issued, so this phase of the relief asked is eliminated. The other relief asked for has no equity to support it.

There was testimony that subsequent to the sale the property had been severed and removed from the land.

There is no independent equity shown in this case to declare to be illegal and void the sale proceedings, or to cancel the bill of sale of property that was allowed to be detached from land and removed therefrom, or to require the purchaser to restore the property to its original status. The complainants did not give bond to make effective the writs of injunction allowed by the court to prevent the property from being detached and removed from the land, and the allegations and proofs do not entitle them to relief in equity after the property has been severed and removed. See Smith v. Davis, 22 Fla. 405, P. & A. Ry. Co. v. Jackson, 21 Fla. 146.

The notice  to the   sheriff   and the   record of   the *lis pendens* cannot create an independent equity.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ.,   concur in   the opinion.