STEARNS & CULVER LUMBER COMPANY, a Corporation, *Plaintiff in Error*, v. Z. S. ADAMS, *Defendant in Error*.

1. It is the province and duty of the court to determine the relevancy and admissibility of evidence when the same is offered and objections are interposed thereto. If the relevancy of the evidence is not apparent at the time it is offered it is properly rejected, though if the party proposing it clearly makes the purpose for which it is offered appear and promises to follow it up and connect it with other evidence, which would make it material and relevant, the trial court, being authorized to regulate the order of the introduction of evidence, may receive it conditionally, but its discretion in such a matter either in receiving or rejecting evidence will only be interfered with by an appellate court where clearly abused.

2. Where several written instruments are successively offered in evidence for the stated purpose of showing that certain timber rights were vested in the defendant and such instruments, taken as an entirety, fail to show such rights, and no offer or promise is made to connect the proffered instruments with other testimony so as to make them material and relevant, they are properly excluded.

3. In determining the correctness of charges and instructions, they should be considered as a whole, and, if as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter* and *Daniel Campbell & Son,* for plaintiff in error;

*John F. Watson,* for defendant in error.

SHACKLEFORD, C. J.—This is an action brought by the defendant in error against the plaintiff in error for the recovery of damages alleged to have accrued to the plaintiff by reason of the breaking and entering certain described land of the plaintiff, digging up the soil thereof and for cutting and removing certain pine logs from the land and for the conversion of the same. Pleas of not guilty and a denial that the logs alleged to have been cut were the property of the plaintiff were interposed, upon which issue was joined and a trial had before a jury, which resulted in a verdict in favor of the plaintiff, upon which judgment was entered for $45.21 damages and $48.87 costs. The defendant seeks a review and reversal of this judgment by a writ of error, returnable to the present term of this court.

The first four assignments are based upon the exclusion by the trial court of four written instruments which the defendant offered and sought to introduce in evi-

dence, and we shall follow the example of the respective counsel in considering and discussing these assignments together. .

The first of such instruments was executed by the plaintiff and his wife to Calvin Lewis, under date of the 8th day of October, 1903, by which "all of the pine trees ten inches up in diameter twenty feet long now upon" the land described in the declaration as well as upon other land were sold and conveyed to the grantee therein, his heirs and assigns, and the land described in the declaration was also leased to the grantee "for the term of three years (3) from date for the purpose of removing said timber therefrom." It was also stipulated in such instrument that "this lease to be void and this deed ineffectual after three years from date."

The second instrument was executed by Calvin Lewis and wife to Santa Rosa Lumber Company, under date of the 4th day of November, 1903, and conveyed all the rights and interest acquired by Lewis from Adams, the land being specifically described. The third instrument was executed by Santa Rosa Lumber Company to M. M. Morrison and A. D. Morrison, under date of the 8th day of December, 1905, in which was sold and conveyed to the grantees therein all the standing pitch pine timber upon a number of parcels of land which are particularly described, but in which is not included the parcel of land described in the declaration. Immediately following the specific descriptions of the lands are the following clauses:

"And all the merchantable pine trees measuring twenty (20) feet in length and nine (9) inches in diameter upon about one hundred and sixty (160) acres in Walton county, Florida, heretofore belonging to H. D. McCallum and by him on the 6th day of November, A. D. 1903, by deed of that date, recorded on that day in

the office of the clerk of Walton county, Florida, conveyed to the grantor herein.

Together with the right of ingress, egress and passage over the said land for the purpose of cutting and removing the said timber during the length of time prescribed in the timber leases or deeds under which the grantor has acquired the said trees and if no time is prescribed in such timber deeds or leases then for such time as the grantee may desire for the cutting and removing said trees."

The fourth instrument was executed by M. M. Morrison and A. D. Morrison to the defendant, Stearns & Culver Lumber Company, under date of the 8th day of August, 1906, which contains the following clause relating to the land and trees in controversy:

"3.    And the said M. M. Morrison and A. D. Morrison hereby bargain, sell, convey and grant unto the Stearns & Culver Lumber Company all their right, legal or equitable, in and to all the pine trees ten (10) inches in diameter and twenty (20) feet long now upon the n½ of the nw¼ and the sw¼ of the nw¼ and the nw¼ of the ne¼ of section eight (8), township four (4), north, range twenty (20) west, together with all the rights and privileges contained in and conveyed by a lease made on the 8th day of October, A. D. 1903, by Z. S. Adams and Martha E. Adams, his wife, to Calvin Lewis.    The interest hereby conveyed is the interest derived under a contract with the said Calvin Lewis in the name of the Santa Rosa Lumber Company, made on November 18, 1905, under which the said Morrisons having complied with their obligations, are entitled to a conveyance of the said stumpage, but the said Lewis having died and having left minor heirs, it is deemed inexpedient to endeavor to secure the possession of such legal title.    For that reason, the said M. M. Morrison and A. D. Morrison do hereby agree that the said

Stearns & Culver Lumber Company, shall, upon the payment of two and 45-100, ($2.45) dollars per acre for the said stumpage, enter upon the said land and cut the said trees, and that they, the said M. M. Morrison and A. D. Morrison, shall and will, and do hereby, guarantee that they shall hold the Stearns & Culver Lumber Company, its servants, and agents, harmless against any loss, damage, or law suits resulting from such entry and such removal of the said trees."

It is the province and duty of the court to determine the relevancy and admissibility of evidence when the same is offered and objections are interposed thereto. If the relevancy of the evidence is not apparent at the time it is offered it is properly rejected, though if the party proposing it clearly makes the purpose for which it is offered appear and promises to follow it up and connect it with other evidence, which would make it material and relevant, the trial court, being authorized to regulate the order of the introduction of evidence, may receive it conditionally, but its discretion in such a matter either in receiving or rejecting evidence will only be interfered with by an appellate court where clearly abused.    See Carter v. Bennett, 4 Fla. 283, text 334; Pittman v. State, 51 Fla. 94, text 115, and authorities there cited, 41 South. Rep. 385, text 392, S. C. 8 L. R. A. (N. S.) 509; Wilson v. Johnson, 51 Fla 370, 41 South. Rep. 395; Seaboard Air Line Ry. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69; Davis v. State, 54 Fla. 34, 44 South. Rep. 757.

At the time of the offer of these instruments by the defendant, the plaintiff had introduced all of his evidence in chief, making out a *prima facie* case and showing that the timber in question was cut about the 25th day of October, 1906.    The defendant offered these several in-

struments in succession for the stated purpose of show-
ing "that the timber and the rights to the timber were in
the Stearns & Culver Co." No promise was made to con-
nect the offered testimony with other testimony so as
to make it material and relevant and no promise or
offer was made to show that the timber was cut prior
to the limitation of the three years from date set forth
in the instrument from Adams to Lewis, which was
the first instrument offered. An examination of the
several instruments shows that, taken as an entirety,
they fail to show any title or right to the timber in
the defendant. The land upon which the timber stood
is not described or identified in the conveyance from
Santa Rosa Lumber Company to the Morrisons. If
it be that the clause in such conveyance, which we have
copied in this opinion, was intended as such descrip-
tion, then it is so vague and indefinite as, standing alone,
to be unintelligible and meaningless. It had not been
made to appear that H. D. McCallum, mentioned therein,
ever had any right or interest to convey, and no offer
or promise was made to supply the connecting links,
if they existed, so as to show such interest and to
identify the property intended to be conveyed. See
Walker v. Lee, 51 Fla. 360, 40 South. Rep. 881 and
East Coast Lumber Co. v. Ellis-Young Co., decided
here at the present term. We would also call attention
to the language used in the conveyance from the Morri-
sons to the defendant, which we have copied in this opin-
ion. Even if all of these instruments had been admitted
in evidence, we do not see how they would have availed
the defendant, and we are clear from an examination
of the entire record that no error was committed in
excluding them. See Tischler v. Apple & Finley, 30
Fla. 132, text 139, 11 South. Rep. 273, text 275. These
four assignments must fail.

The other assignments, with the exception of the

9th, are all based upon the giving of certain portions of the general charge and certain instructions requested by the plaintiff. We have given all of these assignments our careful consideration, but see no useful purpose to be accomplished in setting them forth and discussing them in detail. Suffice it to say that, considering the portions of the general charge and the several instructions so excepted to in connection with all the charges and instructions given, we discover no reversible error therein. See Atlantic Coast Line R. Co. v. Crosby, *supra,* and authorities there cited. It may be that in some portions of the charges and instructions complained of technical error was committed, but viewing the whole evidence, which is set forth in the bill of exceptions, it is apparent that no prejudice to the defendant's rights could have resulted therefrom. See Cross v. Aby, decided here at the present term, and authorities there cited, and Livingston v. L'Engle, 27 Fla. 502, text 517, 8 South. Rep. 728, text 732.

The ninth and last assignment is based upon the overruling of the motion for a new trial. The only ground thereof which is argued is the one that questions the sufficiency of the evidence to support the verdict. We are of the opinion that it is ample, and, in accordance with our established practice, must refuse to disturb the verdict, concurred in as it was by the trial judge.

Judgment affirmed.

Cockrell and Whitfield, JJ., concur;

Taylor, Hocker and Parkhill, JJ., concur in the opinion.