Moran v. Portland Steam Packet Company.

---

MORAN *versus* PORTLAND STEAM PACKET COMPANY.

The pleading of the general issue admits the competency of the defendants to be sued by the name given them in the writ.

The special owner of property, having it in his possession, may recover its value in a suit against a common carrier by whose negligence it has been lost.

In such a suit, the general owner, after having released the plaintiff, may be a witness to testify for him the loss and the value.

CASE, against common carriers, for the loss of a valise and its contents on board the steamboat St. Lawrence, owned and run by the defendants.

The general issue was pleaded, with brief statement that there is no such corporation as the Portland Steam Packet Company, with the powers and duties as described in the plaintiff's writ.

The defendants also moved, that the writ be quashed, be-

cause it does not describe them as a corporation, or as a company liable ¡to sue and be sued. The case states, that the parties agreed as follows : — the defendants are common carriers of passengers and freight; on board their steamer, the plaintiff placed in charge of the baggage master his valise, worth $5,00, containing articles belonging to himself, worth $12,00. Wall and Reynolds were companions of the plaintiff. Wall placed in valise articles worth $31,00 ; Reynolds placed in it articles worth $4,00. The valise was under the plaintiff's charge and he kept the key. On the arrival of the boat at Portland, the valise could not be found. The case also states, that all the evidence as to the valise, its contents and the values, and its having been put on board, comes from Wall and Reynolds, they having previously given releases to the plaintiff.

*J. E. Godfrey,* for the plaintiff.

That the testimony of Wall and Reynolds was properly admitted cannot be questioned, so far as it relates to the property of Moran. They had no interest whatever in that property, and there is no pretence that they were disqualified from any other cause.

They were not disqualified in regard to the *other* property contained in the valise. The plaintiff had a special property in those articles. They were intrusted to him; put into his valise ; and he had the key. Consequently he can maintain trover for them. He introduces the general owners to prove the articles converted and their value.

They had no interest in the event of the suit. Whatever interest they had in the articles in the valise, was as general owners.

In *Herman* v. *Drinkwater*, 1 Maine, 27, the plaintiff himself was allowed to testify to the contents of the trunk, after having proved its delivery to the defendant.

Trover may be maintained by general owner, or by one having special property, as bailee or consignee. *Smith* v. *James*, 7 Cowan, 328 ; *Everett* v. *Saltus*, 15 Wend. 474.

A general bailee without lien may maintain trover for the

property against all persons but the rightful owner. 13 Wend. 63.

The existence of the corporation can only be called in question by plea in abatement. *Penobscot Boom Corp.* v. *Lamson & al.* 16 Maine, 224; *Min. and School Fund* v. *Kendrick*, 12 Maine, 381; *Fogg* v. *Virgin*, 19 Maine, 352.

The defendants have appeared generally; are a party to the suit; are regularly in court, and authorize it to render judgment against them unless they can make a legal defence. *Maine Bank* v. *Harvey*, 21 Maine, 38.

*Hobbs* and *Fessenden*, for the plaintiff, submitted without argument.

SHEPLEY, C. J. — The general issue having been pleaded and joined, and the facts having been agreed, the other matter presented by brief statement became unimportant.

Reynolds and Wall, owners and bailors of part of the goods contained in the valise, had, before they were allowed to testify, released all their interest in those goods to the plaintiff; and they were competent witnesses for him.

The plaintiff, as bailee of that portion of the goods originally owned by Reynolds and Wall, was entitled to maintain the suit for them and for his own goods. He is now entitled to recover for the value of all the goods lost, amounting to the sum of $52,00.     *Judgment for plaintiff for $52.*

WELLS, TENNEY and RICE, J. J., concurred.