## NORTHERN LINE PACKET CO.

*v.*

## FREDERICK A. SHEARER.

1. CONTRACT FOR SHIPMENT OF GOODS—*who to sue.* Where a transportation company gave a shipping receipt for the transportation of goods from one place to another, and they are lost, the person to whom the shipping receipt is given may bring the action, although the property may belong to another.

2. EVIDENCE—*competency of witness.* Where the suit relates to the wearing apparel and ornaments of the wife, and a suit is brought by the husband to recover for their loss—as the wife was, at common law, virtually the owner of such goods, and could only be divested of such ownership by their sale, or gift to another by the husband, she is interested in the property in suit so as to render her a competent witness in such suit, under the exception to the 5th section of the act relating to the competency of witnesses, which declares that, where the suit relates to the separate property of the wife, either may be a witness.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. SWEENEY & JACKSON, and Mr. WALTER J. PEPPER, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the Mercer circuit court against appellant, to recover the value of the contents of a trunk claimed to have been lost by appellant. It appears the trunk in question, together with a quantity of household property, was shipped at Muscatine, in the State of Iowa, to New Boston, by a steamboat called "The New Boston." The other property was delivered to, and received by, appellee, but the trunk, with its contents, consisting of women's wearing apparel, a china cup and saucer and a picture, were never delivered. No plea being filed, a default

264   NORTHERN LINE PACKET CO. *v.* SHEARER.   [Sept. T.,

Opinion of the Court.   6

was entered, but it was subsequently set aside, appellant pleaded, and a trial was had by the court and a jury, resulting in a verdict and judgment in favor of appellee. The bill of lading was given to, and in the name of, appellee; hence, the suit for the loss of the property could only be brought by the person to whom the shipping receipt was given, and appellee was entitled to sue on the bill of lading. The contract of the company was, to deliver the property to appellee, and failing to do so, he can sue for and recover its value. In this respect the suit was properly brought.

It is urged that the court below erred in permitting the wife of appellee to testify as a witness on the trial below. But it is insisted by appellee that, under the 5th section of the act of 1867 (Sess. Laws, 184), she was competent. That section declares that the husband and wife shall not, by virtue of the 1st section of the act, be competent to testify for or against each other, etc., but the section contains a number of exceptions, amongst which is this: "Except, also, in cases where the litigation shall be concerning the separate property of the wife," in which case the statute declares they may testify for and against each other in the same manner as other parties may under the provisions of the act.

The evidence shows, and the fact is not contested, that the property in controversy was the wearing apparel and chattels of the wife of appellee. She testified that she owned the trunk and greater portion of the goods before marriage, and had purchased the remainder afterwards with her own means; and it appears the parties were married something over five years before the trial. In this case, however, it does not appear where the parties were married. If shown to have been in this State, then there would, under this evidence, have been no doubt that the title to this property was vested in her under our law. But they may have been married where no such law existed. At the common law the wife retained, substantially, the ownership of her apparel and ornaments suitable to her rank and condition in life. She was entitled to these at

the death of her husband, over and above her dower, and in preference to all other representatives. Neither could the husband devise, by his will, such ornaments and jewels of his wife. Blackstone says, "though, during his life, perhaps he hath the power, and if unkindly inclined to exert it, he might sell or give them away; but if she continues in use of them till his death, she shall afterwards retain them against his executors and administrators, and all other persons except creditors, where there is a deficiency of assets." Blk. Com. vol. 2. p. 436. Thus it is seen, by the common law, that her personal apparel and ornaments substantially belonged to, and the beneficial interest therein was vested in her, until deprived of it by a sale or gift by the husband, or subjected to payment of his debts on a failure of other assets. If, then, such was the common law, we must hold that, in this case, the wife was virtually the owner until divested by the husband exerting his power of selling or giving away this property, or it being subjected to the payment of his debts. She, then, was the owner within the meaning of the statute, and was thereby a competent witness.

It is next urged that the evidence fails to support the verdict. There can be no question, had appellant introduced no evidence there would have been a clear case in favor of appellee. And although the testimony of appellant may have had the effect of producing doubts, still the jury were warranted in finding for appellee, and the judgment of the court below must be affirmed.

*Judgment affirmed.*