## LOCKHART *vs.* THE WESTERN AND ATLANTIC RAILROAD.

Suit for the destruction of an oil painting by a railroad, over which it was shipped, was brought by the sister of the owner and consignee, and on the trial she testified that her brother had suffered her to keep the picture until called for, and, if he never did so, it was to be her property, it being an heirloom in the family and prized by her on that account, and that she was responsible for its delivery to him :

*Held*, that the plaintiff had no property, general or special, in the picture, but was a mere borrower, and could not sue in her own name; but an action for the destruction of the picture should have been brought in the name of the owner.

(a.) A borrower acquires no property in the thing loaned, but only the right to possess and use it; and for any interference with that right he may maintain an action.

(b.) In all cases of bailment, where the property is in possession of the bailee, and a trespass is committed during the continuance of the bailment, this gives the bailee a right of action for the interference with his special property, and a concurrent right to the owner or bailor, for the interference with his general property.

(c.) A carrier cannot dispute the title of the party delivering goods for transportation, by setting up title in himself or in a third person, which is not being enforced against him; but such is not the case here.

January 2', 1885.

Actions. Damages. Title. Parties. Carriers. Railroads. Bailments. Borrowing. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision.

ROBERT B. TRIPPE, for plaintiff in error.

JULIUS L. BROWN, for defendant.

HALL, Justice.

The plaintiff brought suit in a justice's court against the defendant for one hundred dollars " damages to personal property." The cause of action attached to the justice's summons was for injury and damage done in destroying

an oil painting representing Tallulah Falls, and for injury to the frame of said picture, said package having been received for transportation as freight by the Western and Atlantic Railroad at Kingston, Ga., to be transported to Atlanta, Ga., $100.00. The justice awarded judgment to the plaintiff for the amount sued for, and from this judgment an appeal was taken to the superior court of Fulton county. On the appeal trial, a freight receipt given by the agent at Rome, Ga., to Daily for the picture in question, to be shipped from that point to Atlanta, and consigned to R. G. Lockhart, was put in evidence by the plaintiff. It was shown that the package containing the picture was in good order when delivered at Kingston to the defendant; when it reached Atlanta, the painting and frame were both demolished to such an extent as to be utterly worthless; the value was proved. The plaintiff proved that the picture belonged to her brother, who had suffered her to keep it until he called for it, and if he never did so, it was to be her property. She further testified that she was responsible for its delivery to him. At the close of the testimony, a non-suit was moved and granted by the court, and to this judgment the plaintiff excepted.

The picture was an heirloom in the plaintiff's family, and was prized by her on that account; she does not appear to have derived any revenue by exhibiting it; it was entrusted to her for safe keeping and for her personal pleasure and for the gratification it afforded herself and friends; she had no property, either general or special, in it, and in her own name could maintain no action for its loss or destruction. The action should have been brought in the name of the owner. The plaintiff was only a borrower, (29 *Ga* , 356), and acquired no title in the picture loaned; her right was to possess and use it, and for any interference with that right she might maintain an action, Code, §2129. In all cases of bailment, where the property is in possession of the bailee, and a trespass is committed during the continuance of the bailment, this gives

the bailee a right of action for interference with his special property, and a concurrent right to the owner or bailor for the interference with his general property. Code, §§3030, 2091, 2141.

It is admitted that a carrier cannot dispute the title of the party delivering goods for transportation by setting up title in himself, or a title in third persons, which is not being enforced against him. Code, §2476 and citations. But that is not this case; he sets up no adverse claim; does not refuse to deliver the property to the consignee. The plaintiff herself shows that she has no interest in, or title to, the property which has been damaged, and for which she asks to recover compensation. The non-suit was properly awarded, because it appeared from her own evidence that she had no right to maintain the suit.

Judgment affirmed.