### 193. SOUTHERN RAILWAY COMPANY *v.* JOHNSON.

1. Delivery of freight to a common carrier, where an action is brought to recover for loss of articles alleged to have been delivered, is a question of fact for the determination of the jury.
2. Where the evidence authorizes a finding that certain goods were

delivered to the agent of a railroad company, who received them and was made acquainted with their destination, a contract of carriage may be implied, although no bill of lading or receipt for the goods be issued and delivered to the shipper.

3. While, in the absence of a contract, a person who has no property, general or special, in goods, can not sue in his own name, in tort, for the destruction of such goods by a carrier, nevertheless the contract need not be in writing, but may be implied from delivery and acceptance of the goods for shipment, and the consignor may sue for the loss or non-delivery, though he be but a bailee. "He has such a special property in the goods as to give him a right of action." Great Western R. Co. v. McComas, 33 Ill. 185. The shipper, if not the owner, holds the recovery in trust for the true owner.

4. "The shipper is a party in interest to the contract, and it does not lie with the carrier who made the contract with him to say, upon a breach of it, that he is not entitled to recover the damages, unless it be shown that the consignee objects." Hooper v. Railway Co., 27 Wis. 81, 9 Am. Rep. 439.

Action for damages, from Appling superior court—Judge Parker. December 21, 1906.

Submitted February 27,—Decided May 24, 1907.

*DeLacy & Bishop, H. A. King,* for plaintiff in error.

*J. H. Thomas,* contra.

RUSSELL, J. Mrs. Johnson, the plaintiff in the court below, agreed with Krauskoff Brothers & Co., of Savannah, Ga., to take a certain shipment of hats to her store; they insisting that she keep or buy all the hats in the shipment, but allowing her the privilege of returning to them such of the goods as she did not want. She took the goods on these conditions to her place of business and kept them for some time, but finally decided to ship back to them the larger portion of the goods, packed them in boxes, and had them marked "K. B. & Co., Savannah, Ga.," and delivered them to a drayman to take to the depot. The drayman swears that he delivered the goods to the agents of Krauskoff Brothers & Co. at the depot, and that he delivered them as he was accustomed to deliver such goods. The evidence of the plaintiff showed that she delivered the goods to the agents of Krauskoff Brothers & Co., and that these agents accepted them for shipment, but failed to furnish her with a bill of lading, receipt, or other evidence of delivery. Krauskoff Brothers & Co. not having received any of the goods, or any bill of lading or receipt of shipment, naturally insisted on payment for the entire shipment, and Mrs. Johnson, having failed

in her effort to return a portion of the goods, paid for them. She then sued the railroad company in a justice's court for the value of the goods delivered to the company. This suit was appealed to the superior court, and a verdict was rendered for the plaintiff. The original defendant in error, Mrs. Johnson, having died pending the writ of error, J. C. Johnson, her administrator, was made a party defendant in error.

Learned counsel for plaintiff in error insists that this action is a suit in tort, and that for that reason the plaintiff was not entitled to recover, because it appears that she had no title to the goods that were lost. While particularity of pleading is not required in justice's courts, we think it very clear that the suit is one on a contract of carriage arising from the transaction between the plaintiff as bailee and agent for Krauskoff Brothers & Co., and the defendant as common carrier. In the summons it is alleged that "all the articles named in said bill of particulars . . were turned over to said company by petitioner to be transported," etc.; "said railway company being a common carrier for hire," etc., and "said railway company having failed to deliver the goods as agreed between them and the shipper, the said Mrs. J. C. Johnson, at their destination, Savannah, Ga., as aforesaid." We think that this alleges a contract, and asks recovery only for the breach of such contract; and it is only upon the theory that a contract was proved that the verdict can be sustained, for the plaintiff failed to show that she had title to the goods in question, and, of course, no one but the owner can recover damages in tort.

The plaintiff in error claims that there was no contract; and the evidence certainly discloses that there was no written contract to carry the goods in question. It is insisted that the goods were never received; that the evidence fails to show proper identification of the goods sued for, or their delivery to the company. The plaintiff in error further contends that the defendant in error had no right to her recovery in the court below, because she had no title to the goods sued for. As to whether or not there was delivery and identification of the goods, and proof of their delivery to the carrier, these are questions of fact; and the evidence admitted, so far as this portion of the case is concerned, authorized the finding of the jury. Mrs. Johnson testified that she packed the hats in two boxes and saw her husband

mark them "K. B. & Co., Savannah, Ga." She herself delivered these boxes to the drayman. The drayman swore that he delivered these boxes to the agents of the company, and called their attention to their presence in the depot; and to show that they were the same two boxes, the plaintiff's husband testified that he saw them at the depot after the drayman had carried them there, and called the attention of the company's agent to the marking or lettering he had placed on them. If the jury believed plaintiff's witnesses, there could be no doubt as to the identification of the goods sued for, and of their delivery to the company. While we agree with counsel for plaintiff in error that the testimony fails to show that Mrs. Johnson was the owner of the goods (although she did pay for them after their loss), still, if we are right in our construction of the nature of this suit, it becomes immaterial that Mrs. Johnson was not the owner; for if by delivery of the goods to the carrier for shipment to the place marked upon the boxes, to wit, Savannah, Ga., and their acceptance by the railroad company for that purpose, a contract to carry arose by natural implication, and the ownership of no person other than Mrs. Johnson is disclosed, and it is not sought to enforce the rights of any other person, Mrs. Johnson, although not the true owner, can maintain the action, and could hold the recovery in trust for the true owner. Construing the decision in *Carter* v. *Southern Railway Company*, 111 *Ga.* 38, 36 S. E. 308, 50 L. R. A. 354, with the *Lockhart* case, 73 *Ga.* 472, 54 Am. Rep. 883, it may be stated that a bailee may sue for the breach of a contract of carriage made with him. It is distinctly decided in *Carter* v. *Southern Railway Company* that a person who has in charge, as agent, the goods of another, and who makes with a common carrier a contract to ship the goods, in which the agency is not disclosed, may maintain an action in his own name for a breach of the contract. Such a plaintiff being the consignor of the goods shipped, the contract is made with him, and he is primarily liable for the charges for carriage. The carrier, having treated him as the owner of the goods, can not dispute his title, unless the title of the true owner is sought to be enforced against the carrier. It is equally well settled that where a plaintiff has no interest in the property and no contract with the carrier, he has no cause of action. *Lockhart* v. *Railroad,* 73 *Ga.* 472, 54 Am. Rep. 883. We are of the opinion that under the evi-

dence Mrs. Johnson was such a bailee of the goods in question that, if she had made a contract with reference to their transportation, she could have maintained an action for the breach of the contract.

The real question in this case, then, is: Was a contract of carriage entered into between Mrs. Johnson and the carrier? No bill of lading, freight receipt, or other written evidence of a contract was put in evidence; and we must therefore determine from the circumstances appearing in evidence whether the defendant company made a contract to transport the goods in question. The evidence of the plaintiff discloses nothing on this subject. She delivered the goods to a drayman, and she never received a bill of lading, and had no knowledge of what the drayman did with the goods after she turned them over to him. Her husband testified that the goods were delivered to the company's agent, for he saw the boxes containing them at the depot, and called the attention of the company's agent, Lee Patterson, to the marking on the box, "K. B. & Co., Savannah, Ga." The drayman testified that he delivered two boxes, marked "K. B. & Co.," to the depot agent at Baxley. He did not get a bill of lading that time, because he was in a hurry. It appears, therefore, that there was evidence to authorize the jury to find that the two boxes of hats were delivered by the plaintiff to the company for shipment, and accepted by them. They were plainly marked "K. B. & Co., Savannah, Ga.," and the testimony is undisputed that the goods for whose loss the suit is brought were contained in boxes marked "K. B. & Co., Savannah, Ga." According to testimony which the jury was authorized to believe, there was nothing lacking to show an implied contract, and the terms of the contract. The point of destination was plainly marked on both boxes, and when the railroad company received the goods without objection, under the evidence that it was quite usual not to make out bills of lading immediately, the company tacitly agreed to deliver them, either at destination or to a connecting carrier, to be transported to destination. The course of dealing evidenced a contract. The jury could well imply a contract from the acceptance of the goods for shipment, and that it was only through oversight that a receipt or bill of lading was not issued. So we do not think that the contention of plaintiff in error that this is an action in tort is sustained. In any event a common carrier can not dispute the title of the per-

son delivering the goods for shipment, by setting up adverse title in himself or in a third person, which is not being enforced against him. *Wallace* v. *Matthews,* 39 *Ga.* 617, 99 Am. Dec. 473. Payment to the administrator of Mrs. Johnson will be full protection against payment to any one else.        *Judgment affirmed.*