ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. BENJAMIN W. PARTRIDGE, *Defendant in Error.*

1. General objections to evidence proposed, without stating the precise grounds of objection, are vague and nugatory, and are properly overruled, unless it plainly appears that the proffered evidence is prejudicial, improper and inadmissible for any purpose.

2. The trial court is authorized to regulate the order of the introduction of evidence and its discretion in such a matter, either in receiving or rejecting it, will not be interfered with by an appellate court, unless an abuse of such discretion is clearly made to appear.

3. The mere fact that proffered evidence is not full and complete within itself but formed only one link in the chain, so that it would have to be supplemented by other evidence in order to avail the party offering it, may not render such evidence incompetent or inadmissible.

4. The finding of a referee upon conflicting evidence is entitled to the same weight as the verdict of a jury, and it will not be disturbed by an appellate court, unless the preponderance of evidence is such as to justify the inferences that such finding was based upon influences other than a due consideration of the evidence.

5.   A bailee has such special property in the goods intrusted to
     him that he may maintain an action for damage thereto, so
     a factor, a broker, a warehouseman, a carrier or any person
     employed to perform a service in respect to the goods of an-
     other with which he is intrusted for that purpose, may main-
     tain an action for the recovery of them, or for any damage
     done them while in his charge.

6.   One who is the owner of a number of crates of pears and has
     been intrusted as a commission man with a number of other
     crates of pears for the purpose of shipping and selling them,
     such crates together constituting a car of fruit, may maintain
     an action against a railroad carrier for any damages occa-
     sioned by its negligence in transporting and delivering such
     car of fruit.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jefferson
County.

The facts in the case are stated in the opinion of the
court.

*Doggett & Smith* and *D. A. Finlayson,* for Plaintiff in
Error.

*T. M. Puleston,* for Defendant in Error.

SHACKLEFORD, J.—This is an action of trespass on the
case instituted by the defendant in error against the
plaintiff in error, in the Circuit Court for Jefferson Coun-
ty, whereby it was sought to recover damages from the de-
fendant below for its alleged negligence in transporting
and delivering a car of pears delivered by the plaintiff to
the defendant at Monticello, Fla. a station on its line of
road, for shipment to Pittsburg, Pa.  A demurrer was in-
terposed to the original declaration, whereupon the plain-

tiff filed an amended declaration, which was likewise demurred to and such demurrer overruled. The defendant then filed two pleas, one of not guilty and the other "that the alleged damage and delay, if any, did not occur upon the line of this defendant, but upon its connecting carrier." Issue was joined upon these pleas and the cause was referred to Theodore Turnbull, Esquire, a practicing attorney of the court, for trial, by whom a judgment was rendered in favor of the plaintiff for the sum of $493.94, damages, and $42.42 costs, the plaintiff having previously entered a remittitur for the sum of $2.10. The defendant seeks to have this judgment reviewed here by writ of error and has assigned six errors, the first and sixth assignments, however, being expressly abandoned. The second assignment is the first one which is argued before us and is as follows:

"The court erred in admitting in evidence the account sales marked 'Exhibit A' over the objections of the defendant in the court below."

We find that this assignment is based upon the admission in evidence by the referee of an account of sales covering the shipment of the pears, which the plaintiff had testified to having received from the consignee over the following objections interposed thereto by the defendant:

"First. It is irrelevant and improper; second, it calls for the opinion of the witness; third, it calls for hearsay evidence of the witness; fourth, it is an improper method of proving damages."

As has been often decided by this court, general objections to evidence proposed, without stating the precise grounds of objection, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper and inadmissible for any purpose or under any circumstances.

See McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, and authorities there cited. It is further settled law here that the trial court is authorized to regulate the order of the introduction of evidence and its discretion in such a matter, either in receiving or rejecting it, will be interfered with by an appellate court only when an abuse of such discretion is clearly shown. See Stearns & Culver Lumber Co. v. Adams, 55 Fla. 394, 46 South. Rep. 156, and authorities there cited. The mere fact that such evidence was not full and complete within itself but would have to be supplemented by other evidence in order to avail the plaintiff did not render it incompetent or inadmissible. It formed one link in the chain. See the discussion and reasoning in Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44. We do not see wherein the introduction of this documentary evidence calls for the opinion or "hearsay evidence of the witness." This assignment has not been sustained. Even if we should assume that technical error was committed in its admission, which, however, has not been made to appear to us, no possible harm could have resulted to the defendant therefrom, since there was no jury to be misled and the facts disclosed therein were fully established by other competent evidence. We further find that no evidence was adduced contradicting or at variance with the statements contained in such documentary evidence. See Jacksonville, M. P. Ry. & Nav. Co. v. Warriner, 35 Fla. 197, 16 South. Rep. 898; Patrick v. Kirkland, 53 Fla. 768, 43 South. Rep. 969, S. C. 12 Am. & Eng. Anno. Cas. 540, 125 Am. St. Rep. 1096; Sims v. State, 54 Fla. 100, 44 South. Rep. 737; Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922.

The next assignment argued before us is the fourth, which is as follows:

"The court should have found for the defendant instead of the plaintiff."

This requires a consideration of all the evidence, and we have gone carefully over it but decline to set it out or even to attempt to make a synopsis of it, for the reason that we see no useful purpose to be subserved thereby. The defendant contends that it is not liable for the reason that the evidence shows that the primary cause of the damage to the fruit was the improper loading of the car by the shipper. But upon this point we find that the evidence is conflicting, and we are of the opinion that there is ample evidence to support the finding of the referee. This being true, we must follow the settled practice of this court and refuse to disturb it or to reverse the judgment for that reason. See Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706, and authorities there cited; Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44; Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. It has been frequently held by this court that "the finding of a referee upon conflicting evidence is entitled to the same weight as a verdict of a jury; and it will not be set aside by this court, unless the preponderance of evidence is such as to justify the inference that the finding was based upon influences other than a due consideration of the evidence." See Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792, and authorities therein cited. This assignment has not been sustained.

The third assignment is the next one presented to us: "The court below should have required a remittitur for a greater amount than was made." It is contended by the defendant in support thereof that, as the evidence discloses that the plaintiff was the owner of only a portion of the fruit in the car and was handling and shipping the residue as a broker, he was entitled to judgment only for the damage to that portion of which he was the owner,

whereas the referee found the defendant liable for the damage occasioned to all the fruit so shipped by the plaintiff and entered judgment accordingly. Several interesting questions are attempted to be raised by the defendant in support of this assignment which we are precluded from considering by virtue of the fact that they are not properly before us. We find that the amended declaration in this case alleges that the defendant received from the plaintiff the property in question, which is described, "of the property, goods and chattels of the plaintiff, of great value, to-wit, of the value of nine hundred and fifty-two dollars, to be safely carried with all reasonable dispatch from Monticello, Florida, to Pittsburg, Pennsylvania, and there to be safely delivered for plaintiff, for sale on commission and for account of plaintiff, to Kammerer Brothers, for a certain reasonable reward to the said defendant in that behalf, and the said defendant then and there agreed, undertook and promised," &c.

The defendant demurred to this declaration, which demurrer was overruled and error assigned upon such ruling, forming the first assignment, which, as we have already said, was expressly abandoned. Even so, the question of ownership was not attempted to be raised therein. As we have also seen, only two pleas were filed, not guilty and that the damage did not occur upon the line of the defendant. If the defendant conceived the declaration to be defective in failing to sufficiently allege the ownership of the property in question it should have raised such question by demurrer and, in the event of the same being overruled, predicated an assignment thereon and presented and argued such assignment before this court. If it conceived the declaration to be sufficient in that respect, but still wished to raise such question of ownership and the plaintiff's right to main-

tain the action it should have filed a special plea to that effect, in accordance with the provisions of Rule 71 of Rules of Circuit Court in common Law actions, which rules were adopted by this court and became effective on the first day of June, 1873, and are prefixed to 14 Fla. See the reasoning in Atlantic Coast Line R. R. Co. v. Crosby, 53 Fla. 400, text 433, 43 South. Rep. 318, text 328. Such denial of ownership, as well as of the alleged negligence, was directly put in issue by the defendant in the case of Union Feed Co. v. Pacific Clipper Line, 31 Wash. 28, 71 Pac. Rep. 552. With the issues as made by the pleadings in the instant case, as well as by reason of the evidence adduced, we do not feel called upon to deal with the controverted question as to the respective rights of the consignor and consignee to maintain the action. For the same reasons we must decline to consider another interesting but vexed question, upon which there is irreconcilable conflict in the authorities, as to the points of difference between actions *ex contractu* and *ex delicto*. Be all these matters as they may, the great weight of authority seems to be to the effect that a bailee has such special property in the goods that he may maintain an action for damage thereto, and that any one having a special interest in the goods may maintain the action. "Thus a factor, a broker, a warehouseman, a carrier, or any person employed to perform a service in respect to the goods of another with which he is entrusted for that purpose, may maintain an action for the recovery of them, or for any damage done them while he has charge." 3 Hutchinson's Carriers (3rd ed.) § 1305. Also see 6 Cyc. 510 and 3 Ency. of Pl. & Pr. 834, and authorities cited in notes. We would refer especially to Freeman v. Birch, 1 N. & M. 420, 3 Q. B. 492, note a, 43 E. C. L. 835, 38 Rev. Rep. 388; Great Western R. R. Co. v. McComas, 33 Ill. 185; Moran v. Portland Steam Packet

Co., 35 Me. 55; Murray v. Warner, 55 N. H. 546, S. C. 20 Amer. Rep. 227; White v. Bascom, 28 Vt. 269; Southern Ry. Co. v. Johnson, 2 Ga. App. 36, 58 S. E. Rep. 333. Also see the following cases for a general discussion of the question, well reasoned opinions and a collection of the authorities: Carter v. Southern Ry. Co., 111 Ga. 38, 36 S. E. Rep. 308; Blancherd v. Page, 8 Gray (Mass.) 281; Southern Express Co. v. Craft, 49 Miss. 480; Carter v. Graves, 9 Yerger (Tenn.) 445; Dunlop v. Lambert, 6 Clark & Fin. 600. This assignment must be held to have failed.

The fifth assignment, based upon the overruling of the motion for a new trial, is not argued, the defendant contenting itself with the statement in its brief that "we consider the fifth pretty well covered in the discussion of the third and fourth." Those two assignments having failed, this assignment presents nothing for our consideration. See Bass v. State, decided here at the present term, and the authorities there cited.

We have not considered the bearing upon this case, if any, of the Carmack amendment of section 20 of the act of Congress to regulate commerce (Act Feb. 4, 1887, c. 104, 24 Stat. 386 (U. S. Comp. St. 1901, p. 3169)), passed June 29, 1906 (Act June 29, 1906, c. 3591, Sec. 7, 34 Stat. 593 (U. S. Comp. St. Supp. 1907, p. 906)), as such question has not been raised or presented to us for consideration.

Finding no reversible error, the judgment must be affirmed, and it is so ordered.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.