A. M. McMillan, *Plaintiff in Error*, v. J. S. Reese, *Defendant in Error*.

1.  Section 2156 of the General Statutes of 1906 expressly provides, referring to the action of forcible entry, unlawful entry, or unlawful detainer, that "No question of title, but only a right of possession and of damages, shall be involved in the action," consequently no evidence, either oral or documentary, is admissible in evidence in such an action for the purpose of showing title in one of the parties thereto, but a written instrument may be admissible for the purpose of showing that the party, under whom the defendant claimed, based his right of possession to the premises in dispute thereunder and had entered into and remained in possession thereof as a tenant under such instrument until he sold the improvements on the land to the defendant.

2.  The trial court is authorized to regulate the order of the introduction of evidence and its discretion in such a matter, either in receiving or rejecting evidence, will not be interfered with by an appellate court, unless an abuse of such discretion is clearly made to appear.

3.  The general grounds of objection of irrelevancy or immateriality to proffered evidence are unavailing and are properly overruled, unless it plainly appears that such evidence is prejudicial, improper and inadmissible for any purpose.

4.  The mere fact that proffered evidence is not full and complete within itself but forms only one link in the chain, so that it would have to be supplemented by other evidence in order to avail the party offering it, may not render such evidence incompetent or inadmissible.

5. Objections to the admissibility of evidence must, as a general thing, be made when it is offered, or its admission cannot be assigned as error.

6. If a question is propounded to a witness which tends to elicit improper testimony, it is the duty of the opposite party to object to it and obtain a ruling on his objection. If improper testimony is given in response to a proper question, the proper method of removing it from the consideration of the jury is a motion to strike it. If improper testimony is given in response to an improper question to which no objection is made, a motion to strike is the recognized mode of removing it, but in such a case the granting or refusing of the motion is in the sound discretion of the trial court, and an appellate court will not disturb such ruling, unless an abuse of discretion is shown.

7. A party cannot be permitted to lie by, and experiment upon the testimony by failing to interpose objections thereto at the proper time, and ascertain what might come of it, for benefit or disadvantage, and then, if it turns out to be unpropitious for him, have it excluded altogether on motion.

8. As a general rule, in an action of forcible entry, unlawful entry or unlawful detainer, title deeds are admissible in evidence only, when possession of a part of the premises in dispute has been shown, for the purpose of showing the boundaries or extent of the possession claimed.

9. Even if it be true that a good and sufficient deed might be admissible in an action of forcible entry, unlawful entry or unlawful detainer, not only for the purpose of showing the boundaries or extent of the possession claimed, when possession of a part of the land in dispute has been shown, but also for the purpose of showing the right of possession, under the statute, it is error to admit a deed which on its face does not show the boundaries of the land intended to be embraced therein or with certainty and definiteness describe any land, especially when no promise is made by the party proffering such deed to follow it up and connect it with other evidence which would make it material and relevant.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiff in Error;

*E. C. Maxwell,* for Defendant in Error.

SHACKLEFORD, J.—The defendant in error brought an action of unlawful entry against the plaintiff in error, which was tried before a jury and resulted in a verdict and judgment in favor of the plaintiff in the court below. This judgment is brought here for review by writ of error. Twenty-three errors are assigned, which present several interesting questions and which are ably discussed by the counsel for the respective litigants, but, in view of the conclusion which we have reached, it becomes unnecessary to discuss all of the assignments.

The first assignment is that "the court erred in admitting in evidence the written agreement under seal signed by Thomas C. Watson, Agent, and J. A. White, dated October 3rd, 1903." White was the first witness introduced on behalf of the plaintiff, who testified in substance that he executed the instrument in question and went into the possession of the land in controversy thereunder, remained in possession four or five years, made certain specified improvements thereon, and went out of possession about three years before the trial, when he sold all of the buildings and improvements which he had put upon the land to the defendant; that he had paid rent under the instrument for several years, when he was forbidden to pay more by different parties and ceased to pay rent about two years

before he left, became dissatisfied and sold his improvements to the defendant, but did not sell him any rights in the land. The instrument in question was then offered by the plaintiff in evidence, to the introduction of which the defendant objected on the grounds, "that no authority to execute the instrument, which is under seal, is shown in the agent who executed it; that plaintiff is not a party to the said instrument, nor does it purport to have been executed for his benefit, the party executing it not being his agent; because the instrument purports to be the contract ordered of an agent for the estate of a deceased person, and the instrument is invalid for that reason; and because said instrument is irrelevant and immaterial, and not within the issues in the case; and because said instrument does not purport to be that of a principal merely but of an agent." All of these grounds of objection were overruled and the instrument admitted in evidence, to which ruling the defendant duly noted his exception. It may be well to state that such instrument was executed under seal by Thos. C. Watson, Agent, and J. A. White and purported to lease the land in controversy to White for the term of one year from September 1st, 1903, at the annual rent of twenty dollars, payable in advance, and provided that the lease could be renewed on the same conditions and terms from year to year until Yonge, the owner decided to sell the same, in which event White should have the first privilege of purchase, the price being fixed at $300.00. In the body of it Watson is described as "Agent of Estate of C. C. Yonge, deceased," but it is executed by him simply as "Thos. Watson, Agt." Section 2156 of the General Statutes of 1906 expressly provides, referring to the action of forcible entry, unlawful entry or unlawful detainer that "No question of title, but only a right of possession and of damages, shall be involved in the action." We do not understand that the instrument in question

was introduced for the purpose of showing title in any-one to the premises in dispute, since the question of title was not and could not have been involved in the action. So far as we can gather from the bill of exceptions, aided by the briefs of the respective counsel, such instrument was offered and introduced for the purpose of showing that White, under whom the defendant claimed, based his right of possession to such premises thereunder and had entered into and remained in possession thereof as a tenant under such instrument until he sold his improvements on the land to the defendant. It may not have been readily apparent, at the stage of the trial when it was offered, just why the plaintiff should have wished to introduce such instrument in evidence, but, as we have repeatedly held, the trial court is authorized to regulate the order of the introduction of evidence, and its discretion in such a matter, either in receiving or rejecting it, will not be interfered with by an appellate court, unless an abuse of such discretion is clearly made to appear. Atlantic Coast Line R. Co. v. Partridge, 58 Fla. 153, 50 South. Rep. 634. Some of the grounds of objection urged may well have been good, if the question of title had been involved, as in an action of ejectment, and the instrument had been offered as a link in the chain of title, but as we have seen, that was not the case. The general grounds of objection of irrelevancy and immateriality are unavailing, under our repeated holding that general objections to evidence proposed, without stating the precise grounds of objection, are vague and nugatory, and are properly overruled, unless it plainly appears that the proffered evidence is prejudicial, improper and inadmissible for any purpose. Atlantic Coast Line R. Co. v. Partridge, *supra*. As we likewise held in the cited case, the mere fact that proffered evidence is not full and complete within itself but formed only one link in the chain, so that it would have to be supplemented by other

evidence in order to avail the party offering it, may not render such evidence incompetent or inadmissible. See also the discussion in Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44. As we held in Melrose Mfg. Co. v. Kennedy, 59 Fla. 312, 51 South. Rep. 595, papers not appearing to refer to the subject of litigation are properly excluded, but documents under which rights in litigation are claimed are properly admitted. We are of the opinion that this assignment has not been sustained.

The second assignment is that "the court erred in admitting the testimony of the witness, J. J. Hooton, as to the agency of Thos. C. Watson over the property involved in controversy at the time of leasing same to J. A. White." We find that, after such witness had testified both on direct and cross-examination as to the agency of Thos. C. Watson, "the defendant objected to and moved to strike the testimony of the witness as to the agency of Thos. C. Watson over the property upon the ground that it appeared that such agency was given by a power of attorney, which writing had not been produced. But the court overruled the objection and denied such motion, to which ruling the defendant did then and there except." Objections to the admissibility of evidence must, as a general thing, be made when it is offered, or its admissibility cannot be assigned as error. Schley v. State, 48 Fla. 53, 37 South. Rep. 518, and Williams v. State, 58 Fla. 138, 50 South. Rep. 749.

The third assignment is that "the court erred in refusing to strike the testimony of the witness, J. J. Hooton, in the preceding assignment of error." Immediately after the proceedings, which we have copied above, the following took place: "The witness was here asked by plaintiff's counsel if there was a power of attorney to lease the property. The witness answered: 'No; I think there may have been some years ago, but I don't know what has become of

it.' And the defendant did then and there again object to the testimony of the witness as to the authority of Thos. C. Watson, upon the ground that that authority was in writing, in the shape of a power of attorney, not produced. But the court overruled said objection, and admitted said testimony, to which ruling defendant did then and there except." This constitutes the entire basis for the second and third assignments. In addition to the authorities already cited, see the discussion and authorities collected in Platt v. Rowan, 54 Fla. 237, 45 South. Rep. 32; Thompson v. State, 55 Fla. 189, 46 South. Rep. 842; Putnal v. State, 56 Fla. 86, 47 South. Rep. 864. Neither assignment has been sustained.

At the close of the testimony of the witness, J. J. Hooton, the plaintiff offered in evidence "the record of a deed," bearing date the 5th day of October, 1907, from Julia J. Yonge *et al.* to J. Simpson Reese to the following described property: "An undivided three-fifths of the Juan Dominguez Tract being Section thirty-four (34) Township two (2) South of Range thirty (30) West, Escambia County, State of Florida, containing about One thousand three hundred and fifty-four and a half (1,354 1/2) Acres, excepting such portions of said tract as have heretofore been sold and conveyed to the other parties by C. C. Yonge late of Escambia County, Florida, and about ten (10) acres conveyed by his heirs, viz: about five acres to Carl Gluckstadt by deed dated March 14th, 1890, and about five (5) acres to Thomas J. Majors by deed dated June 19th, 1889, the portion of said tract hereby conveyed being a three-fifths interest in about six hundred and fifty-eight (658) acres."

The following proceedings were then had: "To the introduction of which instrument the defendant did then and there object upon the ground that the document purports to have been made in July, 1907, long after defendant en-

tered possession of the property in controversy; it is irrelevant and immaterial to the issues; brings in question the title to the property, which is not permissible; purports to convey only an undivided three-fifths interest in the Dominguiz Grant excepting such portions as have been sold, etc., with no proof that the property in controversy does not come within the exception. It is void for indefiniteness; the description is insufficient; it does not convey the right of action against the defendant if any existed in the Yonge heirs, here sued upon; that in this proceeding it cannot be determined by the court or jury whether said deed is valid or conveys any right or title to the property in controversy.

But the court overruled said objections and admitted the said deed in evidence to which ruling the defendant did then and there except."

This ruling forms the basis for the fourth assignment. As we have already seen, under the statute, the question of title is not involved in this action. It necessarily follows, and we have so held, that proof of title is inadmissible. Walls v. Endel, 17 Fla. 478, and Perry Naval Stores Company v. Griffin, 57 Fla. 133, 49 South. Rep. 554. We do not feel called upon, in discussing the assignments of error presented in this case, to analyze and distinguish the two cited cases. Even if it be true that a good and sufficient deed might be admissible in evidence, not only "for the purpose of showing the boundaries or extent of the possession claimed," when a possession of a part of the land in dispute has been shown, as was therein held, but also for the purpose of showing the right of possession, under the statute, the deed so offered and admitted in evidence is not such a deed. We shall not discuss the grounds of objection urged in detail. The deed certainly was not admissible "for the purpose of showing the boundaries or extent of the possession claimed," for on its face

it does not show the boundaries of the land intended to be embraced therein or with certainty and definiteness describe any land. Even if the trial court might have been justified in admitting the deed conditionally, upon the promise of the plaintiff to follow it up and connect it with other evidence which would make it material and relevant, a point which it is not necessary to decide, no such promise was made. See Stearns & Culver Lumber Co. v. Adams, 55 Fla. 394, 46 South. Rep. 156, and Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44. The only attempt made by the plaintiff to follow up such deed, after it had been so received in evidence, and connect it with other evidence so as to make its materiality and relevancy appear was the offer, later on in the trial, to prove by a witness "that he had procured and examined an abstract of title to the Dominguez Grant and ascertained therefrom that the Yonges had not conveyed the land in controversy." The defendant objected to such proffered testimony and the objection was sustained and the same was excluded. It is obvious that this ruling of the court was correct. It follows from what we have said that the court erred in admitting the deed in evidence, and we are of the opinion that this constitutes reversible error.

Having reached this conclusion, it becomes unnecessary to consider the other assignments, as the questions presented by them may not arise upon another trial.

All concur, except Cockrell, J., dissenting.