8645.  CENTRAL OF GEORGIA RAILWAY CO. *v.* RABUN.

1. A demand to furnish cars, made by a shipper to a railway company and addressed to the agent of the company at a named point on its line, will, where nothing to the contrary appears, be held to mean that the cars were required at the point at which the demand upon the agent was made.

2. The remedy given by section 2635 of the Civil Code (1910), and the rules of the railroad commission made in pursuance thereof, is one in favor of shippers; and a person entering a demand for cars, without at that time disclosing his agency for another, can not recover the penalty thus imposed, where it appears that at the time of the shipment it was disclosed that the cars were intended solely for the use of another, and the bill of lading was issued in the name of the true owner and shipper of the goods.

DECIDED DECEMBER 13, 1917.

Action for penalty.  Before Judge Cox.  Calhoun superior court. December 6, 1916.

This was a suit brought by Z. T. Rabun to recover a statutory penalty of $1 per day per car for an alleged failure of the defendant to furnish cars upon the plaintiff's demand.  The plaintiff relied upon three written orders, as follows:  "Morgan, Ga. 9/3/1914.  Agent, C. of G. Ry. Co., Williamsburg, Ga.  Dear Sir: Please get for me and send them out on Friday, 4th inst., 2 any length flat cars to be loaded with lumber for C. of Ga. Ry.  1 40-ft. flat car to be loaded with lumber for C. of Ga. Ry.  The above cars are for Stubbs siding.  I want you to please get for me each day for the next six days four 40-ft. flats each day to be loaded with logs for shipment to Macon, Ga.  Yours very truly, Z. T. Rabun."  "Morgan, Ga. 8/29/14.  Agent, Cen. of Ga. Railway Co., Williamsburg, Georgia.  Dear Sir:  Please get for me at once eight forty-ft. flat cars to be loaded with poplar logs for shipment to Macon, Ga.  I want them in lots of four a day, and no more.  Will be glad if you can get four for Monday 1st, and four for Tuesday 2nd, prox.  I also want one car at once in which to load cottonseed for shipment to Macon, Ga.  Yours truly, Z. T. Rabun."  The plaintiff introduced also an order dated Morgan, Ga., September 4, 1914, addressed to the agent of the Central of Georgia Railway Company, at Williamsburg, Ga., and signed by the plaintiff, as follows (after referring to previous orders):  "I want, in addition to the above, five more forty-foot

flats on which to load logs for shipment to Macon, Ga." At the conclusion of the plaintiff's evidence the court overruled a motion for nonsuit, and thereafter directed a verdict for the plaintiff. The grounds of contention relied upon by the plaintiff in error are as follows: (1) In no one of the orders was there any statement in reference to the point at which the cars were to be delivered to the plaintiff. (2) That, since the plaintiff testified that the bills of lading for the logs which he expected to ship in the cars de-. manded were issued to J. W. Griffith, and that Griffith owned the logs which were to be shipped for Griffith's account and in his own name, the penalty, if any should be allowed, exists in favor of Griffith, the consignor, and who was the real shipper. (3) That since the only evidence as to the delivery to the defendant of the demands for cars was that of the plaintiff himself, and since he cnly testified that he delivered them to his engineer, Mr. Floyd, to be in turn delivered by him to the railroad agent at Williamsburg, and that he did not know whether or not these orders were in fact delivered, except from the fact of the subsequent though delayed compliance with the demands, there was no proof of the delivery.

*Pottle & Hofmayer,* for plaintiff in error. *C. J. Taylor,* contra.

JENKINS, J. (After stating the foregoing facts.)

1. Section 2635 of the Civil Code (1910) provides as follows: "Whenever a shipper or consignor shall require of a railroad company the placing of a car or cars to be used in car-load shipments, then, in order for the consignor or shipper to avail himself of the forfeitures or penalties prescribed by the rules and regulations of said railroad commission, it must first appear that such shipper or consignor made written application for said car or cars to said railroad: Provided, that such railroad commission shall, by reasonable rules and regulations, provide the time within which said car or cars shall be furnished after being ordered as aforesaid, and the penalty per day per car to be paid by said railroad company in the event such car or cars are not furnished as ordered: And provided further, that in order for any shipper or consignor to avail himself of the penalties provided by the rules and regulations of said railroad commission, such shipper or consignor shall likewise be subject, under proper rules to be fixed by said commission, to the orders, rules, and regulations of said railroad commission." The rule of the railroad commission, made in pur-

suance thereof, is as follows: "Railroad companies are required to furnish cars promptly upon request thereof. When a shipper files with a railroad company application for a car or cars, stating therein the character of freight to be shipped, and its destination, such railroad company shall furnish same within four days (Sundays and legal holidays excepted) from seven o'clock a. m., of the day following the receipt of the application. For a violation of this rule the railroad company at fault shall, within thirty days after demand in writing is made therefor, pay to the shipper so offended the sum of one dollar per day, or fraction of a day, after expiration of the time, during which such violation continues." It will be observed that neither the code section nor the commission rule specifically requires that the shipper shall state in his demand the place for the delivery of the cars; but since it would be impossible for the railway company to comply with such a demand without such information, it must necessarily be presumed to be an essential part of the notice or demand, even though it be not specifically required by the rule. However, in the absence of anything appearing to the contrary, we think it should reasonably be presumed that the cars were expected and required to be placed at Williamsburg, since it was to the agent at this point that the notice was addressed, although in this particular case the defendant would have been authorized to deliver the cars, not upon the company's tracks at this station, but at the private siding of the plaintiff there located, since it appears that the previous deliveries to plaintiff had been accustomed to be thus made.

2. Section 2740 of the Civil Code (1910) provides as follows: "The carrier can not dispute the title of the person delivering the goods to him, by setting up adverse title in himself, or a title in third persons which is not being enforced against him." It was held in the case of *Carter* v. *Southern Railway Co.*, 111 *Ga.* 38 (36 S. E. 308, 50 L. R. A. 354), that "A person who having in charge as agent the goods of another makes with a common carrier a contract to ship such goods, in which the agency is not disclosed, may maintain an action in his own name for a breach of such contract." This is not a suit for loss or injury to freight, and is not, strictly speaking, an action for damages, since this court has held, in the case of *Southern Railway Co.* v. *Inman,* 11 *Ga. App.* 564 (75 S. E. 908), that the statute under which it is

brought is more penal in its nature than otherwise, and in discussing this question has made use of the following language: "All of the things required of the carrier by the act were owing by it to the public generally; they were public duties, and for their breach the penalties named in the act were imposed. The sum recovered by the shipper may or may not be compensatory. He may have sustained no damage; he need not show that he has. He makes out his case by proving the default and a compliance by him with the conditions precedent prescribed by the act." However, the remedy provided under the code section together with the rule of the commission is by its express terms in favor of the *shipper;* and while it thus seems to be undoubtedly true that had the bill of lading been issued in the name of the plaintiff, without disclosing the fact of his agency, the railway company could not then have been held to deny that the plaintiff was the true shipper, by disputing the title of the person delivering the goods to it, yet where, by the terms of the shipping contract itself it was in fact disclosed that the plaintiff was merely the agent of the true shipper, and as such he had made the demand for the car delivery, it would seem that the remedy granted to the shipper must be exercised by the one who occupied that relationship to defendant either actually or prospectively, notwithstanding the fact that he might have entered his demand for the cars through his agent, who did not at that time disclose his true status. It is urged that the plaintiff would have been liable to the defendant for any demurrage charges that might have accrued, and therefore that the defendant should be liable under the same principle. But, under the law as embraced by section 3596 of the Civil Code (1910), the company might in such a case go directly against the principal, upon the agency being disclosed.

3. Under the ruling just made, it is needless to go into a discussion of the proof made as to the delivery of the notice to defendant. We might remark, however, that while we think the proof is indisputable that such notice was actually given, for the reason that the order, though delayed, was subsequently filled, still the essential question as to the *time* when such notice was received does not appear to have been sufficiently shown to authorize a verdict in the full amount of the recovery.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*